# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUSAN E. HOUNSOM,**

        **Appellant,**

**-vs-**                                   **Case No.  6:03-cv-1342-Orl-28JGG**

**UNITED STATES OF AMERICA,**

        **Appellee.**

_____

## ORDER

This matter is an appeal from the bankruptcy court's Order Denying Debtor's Motion to Reconsider Order of Dismissal.  The Debtor, Appellant Susan E. Hounsom ("Ms. Hounsom"), appearing pro se here as she did below, contends that the bankruptcy court erred in declining to reconsider its order dismissing her Chapter 13 case on the basis that she is ineligible to be a Chapter 13 debtor.[1]  Appellee, the United States of America ("the Government"), urges affirmance on the basis of Ms. Hounsom's Chapter 13 ineligibility as well as based on Ms. Hounsom's alleged bad faith in connection with the filing of her Chapter 13 petition.  The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1) and affirms the bankruptcy court's dismissal of Ms. Hounsom's Chapter 13 case due to her ineligibility.

---

[1]The United States also filed a cross-appeal from the bankruptcy court's order.  (See Doc. 2).  However, a month later the United States dropped its cross-appeal.  (See Docs. 4 & 6).

I.  Background

Ms. Hounsom filed a Chapter 13 bankruptcy petition on March 5, 2002.   In the Schedule E that Ms. Hounsom filed with the bankruptcy court, she listed the IRS among the "creditors holding unsecured priority claims" but listed the IRS's claim as "contingent" and "disputed" and the "total amount of claim" as "0.00."  (Schedule E, B.R. 7).[2]  Ms. Hounsom's unsecured liabilities also included just over $42,000 in credit card debt.  (Schedule F, B.R. 7).

On October 30, 2000, the IRS had sent Ms. Hounsom a Notice of Deficiency for income tax years 1996, 1997, and 1998 for taxes and penalties totalling over $240,371.13.  (Gov't's Ex. 2).[3]  In February 2001, Ms. Hounsom filed a petition in the Tax Court regarding her 1996, 1997, and 1998 tax debts, but she filed her Chapter 13 petition the week before trial was set to begin in the Tax Court.  (See, e.g., B.R. 26 ¶ 1; B.R. 29 ¶ 2; B.R. 33 at 3; B.R. 53 at 3; B.R. 67 ¶ 6).  On June 7, 2002, the IRS filed a Proof of Claim in the bankruptcy court claiming that Ms. Hounsom owed more than $350,000 for the tax years 1996 through 2001, all of which was unsecured.  (Gov't's Ex. 1).

In August 2002, Ms. Hounsom filed an Amended Chapter 13 Plan.  (B.R. 24).   On September 30, 2002, the Government filed an Objection to Confirmation of the Plan (B.R. 33), arguing in part that Ms. Hounsom was ineligible for Chapter 13 relief because she had

---

[2]Citations to the record in the bankruptcy court will be denoted by "B.R." followed by the document number.

[3]The Government's Exhibits are contained in the Supplemental Transmittal of Record to the District Court.

too much unsecured debt.  Then, on October 10, 2002, the United States moved to dismiss Ms. Hounsom's Chapter 13 case on the basis of her excessive unsecured debts.  (B.R. 34).  Specifically, the Government argued in that motion that Ms. Hounsom's unsecured debts exceeded the $290,525 maximum set forth in 11 U.S.C. § 109(e).  (Id.).

On February 24, 2003, the Government filed an "Amended"[4] Motion to Dismiss for Bad Faith.  (B.R. 46).  In that motion, the Government asserted that Ms. Hounsom had acted in bad faith by failing to list several parcels of real property on her bankruptcy schedules.  (B.R. 46 at 2).  The Government contended that transfers of some of Ms. Hounsom's real property were fraudulent conveyances because they were transferred for no consideration and to evade creditors.  (B.R. 46 at 4).  On March 26, 2003, the Government filed an Amended Motion to Dismiss Bankruptcy Case, consolidating its prior motions to dismiss based on ineligibility under 11 U.S.C. § 109(e) and on bad faith.  (B.R. 53).  The Government also filed an Amended Proof of Claim for unpaid taxes for the years 1996 through 2000 (Ex. A to B.R. 53).[5]  That Amended Proof of Claim states total tax due for those five years as $345,546.00, plus $74,561.46 in interest, plus $79,030.30 in penalties.  (Id.).

The bankruptcy court held a hearing on the motion to dismiss on April 29, 2003.  (Tr. of 04/29/03 Hr'g, B.R. 66).  At that hearing, IRS Agent Craig Bline testified regarding Ms. Hounsom's federal income tax debts.  Agent Bline had audited Ms. Hounsom's 1996, 1997, and 1998 tax returns, and the audit resulted in the issuance of the statutory notice of

---

[4]There is no "initial" motion to dismiss for bad faith in the record.

[5]This Amended Proof of Claim is also in the record as the Government's Exhibit 6, which was introduced at the April 29, 2003 hearing.

deficiency for those years.  (Tr. at 8).  Agent Bline also audited Ms. Hounsom's tax returns for 1999 and 2000.  (Tr. at 8-9).  Bline had determined that Ms. Hounsom's tax liabilities for the years 1996 through 2000 exceeded $300,000.  (Tr. at 9).  As of the time of the hearing the IRS had not yet filed notices of federal tax liens with respect to the liability assessments. (Tr. at 10).

During the course of his audits of Ms. Hounsom, Agent Bline became familiar with the businesses in which Ms. Hounsom is involved – S corporations engaged in real estate management.  (Tr. at 16-17).  Ms. Hounsom had transferred several pieces of real estate in 1998 to a corporation called Lord and Collett for a nominal sum.  (Tr. at 17).  Ms. Hounsom also acknowledged transferring four properties on January 28, 2002 – shortly before she filed her Chapter 13 petition on March 5, 2002 – without receiving any value for the transfers.  (Tr. at 58-59).  Ms. Hounsom stated that she made such transfers "to be less liable personally for, again, anything that might come my way in the case of lawsuits."  (Tr. at 59).  Ms. Hounsom also testified that the reason she "went into bankruptcy" was "because [she] wanted . . . to be able to face the IRS in" the bankruptcy court (rather than in Tax Court).  (Tr. at 69).

At the conclusion of the April 29, 2003 hearing, the bankruptcy judge announced his conclusions that Ms. Hounsom had not engaged in bad faith but that Ms. Hounsom was not eligible to file under Chapter 13.  (Tr. at 84-85).  On the first point, the court found that Ms. Hounsom had "argued with reasonableness of why she filed the papers she did and what her decision making was."  (Tr. at 84).  On the latter issue, the court noted that Ms. Hounsom's tax debt along with her credit card debt exceeded the unsecured debt maximum

set forth in 11 U.S.C. § 109(e).  (Tr. at 85).

After the hearing, the bankruptcy court memorialized its rulings in written Findings of Fact and Conclusions of Law (B.R. 69).  Among the findings of fact was that "[t]he Internal Revenue Service filed a proof of claim for unpaid federal income taxes in the total amount of $350,951.94, which were all properly classified as unsecured claims."  (B.R. 69 at 1).  Additionally, the court noted that the IRS had filed an amended proof of claim reflecting $499,137.76 in income tax liabilities.  (B.R. 69 at 1).  Thus, the court concluded that Ms. Hounsom did not qualify for Chapter 13 because at the time her petition was filed she had noncontingent, liquidated, unsecured debts in excess of the $290,525 statutory maximum. (B.R. 69 at 5).  The court dismissed Ms. Hounsom's Chapter 13 case pursuant to 11 U.S.C. § 109(e).  (B.R. 70 & 71).

Ms. Hounsom then moved, under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60,  for reconsideration of the dismissal of her Chapter 13 case.  (B.R. 74).  After a hearing (see B.R. 78), the court denied the motion (B.R. 80).  Ms. Hounsom then filed a notice of appeal from the denial of her motion for reconsideration.  (B.R. 83).

## II.  Standard of Review

A district court reviews a bankruptcy court's conclusions of law de novo.  See, e.g., United States v. Verdunn, 89 F.3d 799, 801 (11th Cir. 1996).  "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.

As the Government correctly notes in its brief, in her notice of appeal Ms. Hounsom has described the order on appeal as the bankruptcy court's order denying her motion for reconsideration rather than the underlying order dismissing her case.  A denial of a motion for reconsideration is reviewed only for abuse of discretion.  See, e.g., Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 493 (B.A.P. 9th Cir. 1995).

Nevertheless, there is authority for considering the merits of the underlying dismissal even though it was not listed in the notice of appeal.  See Dudley v. Anderson (In re Dudley), 249 F.3d 1170, 1174 (9th Cir. 2001) (concluding that court had jurisdiction to rule on all of the issues raised on appeal even though debtors had "listed only the bankruptcy court's order denying their motion for reconsideration in their notice of appeal").  Here, there is no jurisdictional bar to considering the merits of the underlying order, and the merits of the order will be reviewed.  In any event, the Court would have reached the same conclusions herein under any of the potentially applicable standards of review.

### III.  Discussion

#### A.  Chapter 13 Eligibility – 11 U.S.C. § 109(e)

At the time Ms. Hounsom filed her Chapter 13 petition, Section 109(e) of Title 11 provided that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e); see also 11 U.S.C. §104 (providing for "Adjustment of dollar amounts" from time to time).  Ms. Hounsom contends that at the time of the filing of her Chapter 13 petition, her unsecured debt was less than the statutory

maximum and therefore she was a proper Chapter 13 debtor.

Ms. Hounsom does not contest that her 1996, 1997, and 1998 tax deficiencies – for which she had received a "Statutory Notice of Deficiency" prior to the filing of her Chapter 13 petition on March 5, 2002 – were "unsecured, noncontingent, and liquidated." (Doc. 13 at 2). However, she argues that because she had not received a Notice of Deficiency for tax years 1999, 2000, or 2001 before she filed her Chapter 13 petition, the deficiencies for those years were not "unsecured, noncontingent, and liquidated" and thus are not properly included in the computation of the amount of unsecured debt as of the date of her bankruptcy filing. (Doc. 13 at 2). She further asserts that the IRS's claimed "penalty and interest of $37,429.65 [for the years 1996 through 2001] is unsecured, contingent and unliquidated because the burden of proof of establishing this claim rests upon the Government and not the Debtor." (Doc. 13 at 4). The Government, however, contends that the bankruptcy court properly determined that Ms. Hounsom's "unsecured, noncontingent, and liquidated" debts exceeded the statutory limit as of the date of her filing and appropriately dismissed her Chapter 13 case.

The terms at issue here – "noncontingent" and "liquidated" – are not defined in the Bankruptcy Code. See United States v. Verdunn, 89 F.3d 799, 802 n.11 (11th Cir. 1996). However, "[w]hile the terms contingent and liquidated are not statutorily defined, case law has developed an established definition of each term." Barcal v. Laughlin (*In re* Barcal), 213 B.R. 1008, 1013 (B.A.P. 8th Cir. 1997). First, it is recognized that "a debt [is] noncontingent as long as all the events that gave rise to the debtor's liability had occurred prior to the filing of the bankruptcy petition." *In re* Knight, 55 F.3d 231, 236 (7th Cir. 1995), *cited in* Verdunn,

89 F.3d at 801 n.7; <u>accord</u> <u>Barcal</u>, 213 B.R. at 1013.  Under this standard, Ms. Hounsom's IRS debts for the years 1996 through 2000 were noncontingent as of the time of the filing of her Chapter 13 petition.  <u>See</u> <u>Mazzeo v. United States (In re Mazzeo)</u>, 131 F.3d 295, 303 (2d Cir. 1997) ("A taxpayer's duty to pay taxes derives from statute and arises upon his nonpayment of the taxes when due.  The obligation to pay is not contingent on any extrinsic event.").

Secondly, "[b]ankruptcy courts have consistently held that a debt which is 'readily calculable,' or 'readily determinable' is a liquidated debt, regardless of whether the debtor disputes the obligation.  The question of whether the claim is liquidated then turns on whether the Debtor's disputed debts were 'readily calculable.'" <u>Barcal</u>, 213 B.R. at 1013 (citations omitted); <u>see also</u> <u>Mazzeo</u>, 131 F.3d at 304 ("The terms 'liquidated' and 'unliquidated' generally refer to a claim's value (and the size of the corresponding debt) and the ease with which that value can be ascertained.").

The meaning of "liquidated" was addressed by the Eleventh Circuit in <u>Verdunn</u>:

> *Black's Law Dictionary* defines a liquidated debt as one where it is certain what is due and how much is due.  A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law.  Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability.  If the amount of the debt is dependent, however, upon a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.

89 F.3d at 802 (citations and footnotes omitted); <u>see also</u> <u>Barcal</u>, 213 B.R. at 1014 ("We hold that the key factor in distinguishing liquidated from unliquidated claims is **not** the extent of the dispute []or the amount of evidence required to establish the claim, but **whether the**

-8-

**process for determining the claim is fixed, certain, or otherwise determined by a specific standard**.") (emphasis in original).  In <u>Verdunn</u>, the appellate court framed the issue before it as "whether a debtor's federal income tax liabilities and penalties, asserted . . . in a statutory notice of deficiency and the subject of dispute in a Tax Court petition filed by the debtor, are liquidated unsecured debts for Bankruptcy Code Chapter 13 eligibility purposes." 89 F.3d at 800.

The bankruptcy court concluded that Verdunn's tax debts were not liquidated debts, and the district court affirmed.  However, the Eleventh Circuit reversed, finding that the amounts owed to the IRS were "liquidated" because "established Internal Revenue Code criteria were used to calculate Verdunn's tax debt," "the amount of Verdunn's tax liability was readily evident from a document, the statutory notice of deficiency," and "the amount of Verdunn's $297,000 deficiency was easily ascertainable, i.e., it was computed through the application of fixed legal standards set forth in the tax code."  89 F.3d at 803.  The court thus found that Verdunn was not an eligible Chapter 13 debtor.

Ms. Hounsom asserts that her case is distinguishable from <u>Verdunn</u> because no notice of deficiency for the years 1999 and 2000 had been issued prior to the filing of her Chapter 13 petition.  The Government acknowledges this difference but argues that the same result should obtain anyway.  The Government asserts that "the Eleventh Circuit [in <u>Verdunn</u>] did not attach a particularized significance to whether such a notice issued, but merely required a 'document' from which reference to clearly ascertainable standards could determine the existence of an unsecured debt, whether disputed or not."  (Doc. 16 at 14). The weight of authority favors the conclusion urged by the Government, and the Court

concludes that the bankruptcy court correctly determined that Ms. Hounsom's tax debts for

1996 through 2000 were liquidated as of the date of the filing of her petition and were beyond

the maximum allowed to a Chapter 13 debtor.

This result is supported by, and the prevailing view is discussed in, a decision from

another bankruptcy court in this district finding that an IRS debt was liquidated

notwithstanding the lack of a notice of deficiency prior to the filing of the bankruptcy petition.

In *In re* Newman, 259 B.R. 914 (Bankr. M.D. Fla. 2001), the debtor had listed some IRS debt

on his Chapter 13 schedules, but the IRS filed a proof of claim – and several amendments

thereto – asserting a larger amount of tax debt which included penalties.  The Government

moved to dismiss the Chapter 13 case due to ineligibility, and the bankruptcy court granted

the motion.  After noting the Verdunn holding and the prepetition notice of deficiency that had

been issued in that case, the Newman court stated:

> Other recent decisions have concluded that the critical factor in distinguishing liquidated from unliquidated claims is whether the process for determining the claim is fixed, certain, or otherwise determined by a specific standard, even when calculations are time-consuming and difficult. . . . Mathematical computation is the basis for a liquidated debt, where opinion, discretion, and exercise of judgment are not relevant for computation of the amount of the debt.
>
> In this case, the provisions of the Internal Revenue Code that were used to establish the tax liability of the Debtor were the "specific standards" to calculate the debt as of the petition date. Although examination of the Debtor's tax returns over a period of time resulted in the amendment of the IRS proof of claim to a larger amount, this does not mandate the conclusion that the debt was unliquidated.  The amount due on the date of the petition was ascertainable with information provided by the Debtor through his tax returns and application of specific standards of the Internal Revenue Code. . . .
>
> The capability was present at the date of filing of the

> Debtor's petition to determine a federal tax liability owed at that point in time.  It is this ability to determine an ascertainable amount on the date of filing of the Debtor's petition with information supplied by the Debtor and specific standards from the Internal Revenue Code that results in the status of a liquidated debt.  Thus, the Court finds that the tax liability of the Debtor as set forth in the amended proof of claim is a liquidated debt and therefore the Debtor is ineligible to continue as a Chapter 13 debtor in this case.

259 B.R. at 918-19 (citations omitted).  In rejecting the debtor's argument that the lack of a notice of deficiency rendered the debt unliquidated, the Newman court, again noting the Verdunn holding, found:

> The question of whether a tax debt is liquidated or unliquidated is not dependent on whether a statutory notice of deficiency has been issued, however.  The Court in *Verdunn* considered this as a factor when concluding that the debt was liquidated.  This factor is not indispensable to the concept of a liquidated debt, however, and there are other ways of demonstrating that a tax debt is liquidated.  In this case, the IRS had provided the Debtor with a statutory notice of deficiency for one tax year . . . , and has filed a proof of claim for all tax years at issue.  The proof of claim constitutes ". . . prima facie evidence of the validity and amount of the claim."

259 B.R. at 919 (citations omitted).  The Newman court also rejected the debtor's argument that the IRS's filing of several amendments to its proof of claim demonstrated that the debt was not liquidated:  "Of course, this is a factor which may indicate that the amount of debt may not be readily ascertainable.  However, filing an amended proof of claim does not necessarily create a dispute over such a claim, or result in a change of status from a liquidated debt to an unliquidated debt."  259 B.R. at 919.

The Newman court's reasoning is sound and is consistent with decisions from other courts where proofs of claim filed in the bankruptcy case – necessarily after the petition itself

-11-

was filed – have been used in determining eligibility under Section 109(e).  Courts have found it permissible to look beyond the debt amounts listed in debtor's schedules where the issue of Section 109(e) eligibility is raised.

For example, in *In re* Sullivan, 245 B.R. 416 (N.D. Fla. 1999), the district court affirmed the bankruptcy court's order dismissing the debtor's Chapter 13 case due to excessive unsecured debts on the date of the petition filing.  There, the debtor had filed her Chapter 13 petition on July 25, 1997, listing income tax liability of $244,106.55 based on a June 9, 1997 letter she had received from the IRS.  However, in November 1997, the IRS filed a proof of claim for unpaid taxes in the amount of $297,323.24.  In January 1998, the IRS amended its claim to an amount of $274,888.65.  Both the trustee and the IRS moved to dismiss the case based on the amount of unsecured debt; at that time the maximum amount under Section 109(e) was $250,000.

The debtor in Sullivan argued that the amounts listed on her schedules should be used to determine her Chapter 13 eligibility and that she had relied on the IRS's letter in listing her unsecured debt amount.  The bankruptcy court rejected this argument, as did the district court, which stated:  "Section 109(e) limits eligibility based upon what an individual *owes* on the date of the filing of the petition, not on what an individual in good faith thinks he owes on the date of filing; and there is nothing in the statute to suggest that, when a creditor makes an objection to the debtor's eligibility, the court may not look past the debtor's schedules to other evidence of correct figures as of the petition date."  245 B.R. at 418 (emphasis in original); see also Barcal, 213 B.R. at 1015 ("[T]he court should neither place total reliance upon a debtor's characterization of a debt nor rely unquestionably on a

creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor."); *In re* Sivertsen, 180 B.R. 513, 514 (Bankr. N.D. Ill. 1994) (finding debtors ineligible due to excessive amount of unsecured debt based on IRS's proof of claim even though debtors disputed it, noting that "the process utilized by the IRS appears to be sound, was performed in good faith, and must be respected"); Lucoski v. IRS, 126 B.R. 332, 338 (S.D. Ind. 1991) ("[E]ven if the schedules reflect the eligibility requirements are met, if it is determined within a reasonable time that the debts exceed the statutory maximums, the case must be dismissed, or the debtor may be given the opportunity to convert to a different proceeding under the Bankruptcy Code."), *quoted in* Sullivan, 245 B.R. at 418; Newman, 259 B.R. at 917 ("[E]ven when there has been no allegation of a lack of good faith in the preparation of the Debtor's schedules, the Court can look beyond the schedules to determine whether the debtor's debts exceed the statutory amounts.").

Of course, the dismissal of Ms. Hounsom's case does not necessarily leave her without a bankruptcy remedy, it merely means that she is not eligible to be a debtor under Chapter 13. "The purpose of Chapter 13 debt limitations is to limit the availability of a Chapter 13 adjustment of debts to individual wage earners and small sole proprietor[s], for whom a chapter 11 reorganization is too cumbersome a procedure." Barcal, 213 B.R. at 1015 (internal quotation marks omitted); see also Craig Corp. v. Albano (In re Albano), 55 B.R. 363, 365 (N.D. Ill. 1985) ("Congress intended individuals or businesses [with more than the maximum amount of unsecured debt] should not have the benefit of the simpler, speedier and less expensive Chapter 13 procedure.") (internal quotation omitted).  As the Barcal court explained, "[s]uch limited eligibility is intended to implement the expeditious administration

of Chapter 13 reorganizations." 213 B.R. at 1015. In light of Ms. Hounsom's extensive unsecured debts, she is not entitled to the simpler procedures of the chapter under which she filed.

In sum, the Court agrees with the bankruptcy court's conclusion that the IRS debts for the years 1996 through 2000 set forth in the amended proof of claim filed in this case were liquidated as of the time of the filing of Ms. Hounsom's Chapter 13 petition and that thus, the bankruptcy court properly dismissed Ms. Hounsom's Chapter 13 case for ineligibility under 11 U.S.C. §109(e). Because her unsecured, noncontingent, liquidated debts exceeded $290,525 at the time of filing, Ms. Hounsom is not a proper Chapter 13 debtor.

### B.  Dismissal for Cause – 11 U.S.C. §1307

The Government also argues that the dismissal of Ms. Hounsom's Chapter 13 case can alternatively be upheld on the basis of her lack of good faith. Specifically, the Government contends that Ms. Hounsom understated her assets on her bankruptcy schedules by omitting several parcels of real property, including parcels which she transferred for no consideration just prior to filing her bankruptcy petition. The bankruptcy court rejected this argument, and this Court will not overturn that rejection.

At the hearing on the motion to dismiss, Ms. Hounsom admitted that shortly before she filed her Chapter 13 petition, she transferred four parcels of property to a business in which she is involved. (Tr. of 04/29/03 Hr'g, B.R. 66 at 57-59). She also had transferred numerous properties out of her name several years earlier.

In its ruling on the bad faith argument, the bankruptcy court stated only that "the debtor has argued with reasonableness of why she filed the papers she did and what her decision making was.  I don't think that makes it bad faith."  (Tr. at 84).  In its written Findings of Fact, the bankruptcy court stated:  "Debtor failed to report substantial amounts of real property on her schedules in which she had, either directly or through various corporations, a substantial ownership interest."  (B.R. 69 at 2 ¶ 7).  However, the Court then concluded: "Although Debtor did not include, on her bankruptcy schedules, a substantial portion of the real property in which she held an ownership interest, the Court finds Debtor did not have a clear understanding of the requirements governing her obligation to report property of the estate.  Therefore, the Court finds the Debtor did not intentionally misrepresent facts or engage in egregious acts in bad faith so as to require dismissal of her bankruptcy case pursuant to 11 U.S.C. § 1307(c)."  (B.R. 69 at 3).

Although Ms. Hounsom's transfer of property just before she filed her Chapter 13 petition is troubling, this Court must defer to the bankruptcy court's assessment of Ms. Hounsom's demeanor and credibility, especially considering that Ms. Hounsom acted pro se in pursuing her bankruptcy case.  According such deference, the bankruptcy court's conclusion as to lack of bad faith will not be disturbed.

IV.  Conclusion

For the reasons stated herein, the bankruptcy court's dismissal of Ms. Hounsom's

Chapter 13 case is **AFFIRMED**.

     **DONE** and **ORDERED** in Orlando, Florida this 13th day of May, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party